United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. GEIER, | No. C 10-1965 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| Dr. STREUKER, D.D.S.; et al., | |
| Defendants. / | |

## INTRODUCTION

Christopher A. Geier, an inmate at San Quentin State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The gist of the complaint in this action is difficult to understand because it is unclear whether plaintiff is complaining about the dental care he received or about the attitudes of the health care providers at the prison. He alleges that he went to dental services on June 18, 2009 in severe pain. "At which time administrator Streuker threatened to have me 'dealt with' if I continued to place request forms in for medical assistance." Complaint, p. 3. On June 28, 2009, he filed an inmate appeal to complain about Dr. Streuker's "threats/intimidation." Id. He received unsatisfactory responses from various defendants to his inmate appeals.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

First, the complaint does not state a claim regarding dental care. When an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The complaint does not state a claim with regard to the dental care plaintiff sought or received because he does not identify what his problem was and what the dentist did or failed to do in response thereto. If Geier wants to assert a claim for inadequate dental care, he needs to allege facts showing he had a serious dental need and that one or more defendant(s) acted with deliberate indifference to that serious dental need. If his dental care was adequate, the mere fact that the dentist allegedly had a bad attitude would be legally insignificant for Eighth Amendment purposes. In other words, the patient is entitled to dental care, but legally it matters not whether it was provided with a smile or with a snarl.

Second, the allegations that Dr. Streuker uttered allegedly threatening words do not state a claim. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Nor do the

2

allegations state a claim for retaliation by Dr. Streuker. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Geier alleges that Dr. Streuker "threatened to have [him] 'dealt with' if [he] continued to place request forms." Complaint, p. 3. Geier needs to provide a more detailed explanation of the circumstances of the encounter in his amended complaint so that the reader can understand why Dr. Streuker responded negatively when he showed up in the dental clinic. It cannot be determined from the bare-bones description provided whether the problem is that Geier was not following some prison-established procedure, or that he was not allowed to make any request for medical care, or that he had already been scheduled, or that he was requesting emergency service for a routine problem, or that there was some other situation that prompted Dr. Streuker's comment. Geier needs to describe the problem more clearly in his amended complaint so it can be determined whether a claim upon which relief may be granted is stated.

Third, the allegations that the administrative appeals were not properly handled do not state a claim upon which relief may be granted against any defendant. There is no constitutional right to a prison or jail administrative appeal or grievance system in California. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 3084.1, 3084.1(d). Geier had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **October 1, 2010**, and must include the caption and civil

3

case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the contraband watch claim.

IT IS SO ORDERED.

Dated: September 1, 2010

_____
SUSAN ILLSTON
United States District Judge

4