United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER A. GEIER,             No. C 10-1965 SI (pr)

    Plaintiff,                        **ORDER**

    v.

Dr. STREUKER, D.D.S.,

    Defendant.
                                  /

    In this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, plaintiff alleges that defendant violated his First Amendment right to seek dental care without retaliation. The action is now before the court for consideration of several miscellaneous matters, including plaintiff's numerous discovery requests.

A.      <u>Stay Of Discovery</u>

    Defendant has moved for a stay of discovery pending resolution of her summary judgment motion in which she intends to raise a defense of qualified immunity. Defendant's motion for summary judgment is due to be filed on October 14, 2011. Upon due consideration, defendant's motion to stay discovery pending resolution of her motion for summary judgment is GRANTED. (Docket # 37.) The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). All discovery is STAYED until the court rules on defendant's motion for summary judgment. This ruling means that plaintiff must

prepare his opposition to the motion to summary judgment without the benefit of any discovery he has not yet received.

The court rejects defendant's other argument -- i.e., that discovery should be stayed because plaintiff's claims are meritless – because defendant has provided no authority for such a stay.

B.  Plaintiff's Discovery Filings

*Request For Admissions*:  Plaintiff's "request for admissions" to Dr. Streutker is DISMISSED as improperly filed.  (Docket # 32.)  The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the court.  See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  See Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

If defendant has not yet responded to the requests for admissions, she need not do so at this time because discovery is now stayed.

*Plaintiff's Deposition*: Plaintiff filed a motion to vacate the notice of taking his deposition because the notice of deposition "was not accompanied by a court order granting leave for the taking of the deposition, as required by FRCP 30(a)(2)(B)." Motion To Vacate Notice Of Taking Deposition, p. 1. The motion is DENIED. (Docket # 29.) The court already granted the permission that plaintiff contends is lacking. *See* Order Of Service, p. 4.

Plaintiff filed a "motion for protection order" (docket # 28) in which he requested that the court require that his deposition be taken by written exam rather than by oral exam. The motion is DENIED. (Docket # 28.) He claims a need to protect his rights in connection with a "current criminal appeal," but does not explain why he expects a deposition in this case to have any impact on his criminal appeal. Nor does he explain why a deposition on written (as opposed to oral) exam would alleviate his concerns. To the extent he does not want to answer questions based on some fear of self-incrimination in a criminal case, he can invoke his Fifth Amendment rights, but should note that an adverse inference may be drawn *in a civil action* from the invocation of such rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 218-19 (1976).

Plaintiff's motions regarding his deposition are denied for the separate and additional reason that they are moot now because his deposition already has occurred.

*Discovery From Nonparties*: Plaintiff filed a "motion for discovery order" (docket # 25) in which he asked the court to order the California Medical Board to produce documents and another "motion for discovery order" (docket # 33) in which he asked the court to order the prison warden, the CEO of the health care services department of the prison, and the chief dental officer to produce documents. He also filed a "request for a subpoena" (docket # 30) to command the attendance of correctional officer Gladden at a written deposition. The motions and request are DENIED because discovery is now stayed. (Docket #s 25, 30 and 33.)

The motions for discovery order are denied for the additional reason that such motions are not the proper way to obtain documents from a nonparty. If a party wants documents or testimony from a nonparty who will not give it to him voluntarily, he should use a subpoena to obtain documents or deposition testimony from the nonparty. *See* Fed. R. Civ. P. 45. If the

3

discovery stay is ever lifted, plaintiff may request from the court clerk blank subpoena forms so that he may prepare subpoenas for nonparties. Plaintiff is cautioned that he must pay any costs associated with witness attendance at any deposition and any record production charges from a nonparty. The court will not waive such costs.

The request for a subpoena is denied for the additional reason that the court does not prepare a subpoena for a person to be deposed – it is the plaintiff's obligation to prepare the subpoena for a deposition. If the stay of discovery is ever lifted, and plaintiff still wants to conduct a deposition on written questions, he needs to set up such a deposition, arrange for a court reporter and pay the costs associated with such a deposition. It is not a defendant's obligation or the court's obligation to do so.[1]

---

[1] The deposition upon written questions procedure may sound like an inexpensive way for a prisoner to do discovery but usually is not. A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness. When all the questions --without any answers-- are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness. The questions are read by the deposition officer, the responses are reported by a court reporter and the transcript is prepared as it would be for an oral deposition. The deposition officer does not stray from the written script of questions and asks only those questions that are on the list from the prisoner-plaintiff and defendant. To depose a nonparty on written questions, that witness must be subpoenaed.

To obtain a deposition upon written questions, the prisoner thus has to pay the witness fee, deposition officer fee, court reporter fee, and the cost of a transcript of the proceedings. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected. Finally, poorly worded questions will often result in useless answers.

4

C.   Other Miscellaneous Matters

Plaintiff's "request for sanctions against defendant for perjury" is DENIED. (Docket # 40.) Plaintiff's request comes nowhere near to showing perjury and is almost worthy of sanctions itself for its utter lack of merit.

Defense counsel is reminded that, when a document is e-filed, a paper courtesy copy of that same document must be lodged with the court. *See* N. D. Cal. General Order 45, § VI.G.

At the time defendant files her motion for summary judgment, she must file and serve on plaintiff the following documents: (1) a complete copy of plaintiff's medical/dental records at the prison for the period April 1, 2009 through July 31, 2009, and (2) a complete copy of plaintiff's inmate grievances and inmate appeals filed during the period April 1, 2009 through July 31, 2009.

IT IS SO ORDERED.

Dated: September 15, 2011

_____
SUSAN ILLSTON
United States District Judge