UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. GEIER,<br><br>    Plaintiff,<br><br>    v.<br><br>Dr. STREUKER, D.D.S.,<br><br>    Defendant.<br>_____/ | No. C 10-1965 SI (pr)<br><br>**ORDER STRIKING OPPOSITION AND PERMITTING REPLACEMENT OPPOSITION TO SUMMARY JUDGMENT MOTION** |

    Defendant filed a motion for summary judgment. The text of her legal brief was 12 pages in length addressing the single legal claim (i.e., retaliation) asserted by plaintiff. Plaintiff's opposition papers are unacceptably verbose. His opposition argument totals 79 pages, consisting of a 43-page "Opposition," a 17-page response to the Streutker declaration, a 12-page response to the Kirksey declaration, and a 7-page response to W. Kushner declaration.

    Rule 7-3(a) of the Northern District's Local Rules sets a 25-page limit on the memorandum in opposition to a motion, and provides that any evidentiary and procedural objections to the motion must be contained within the memorandum. Plaintiff's opposition is more than three times the permitted length of an opposition memorandum. The extreme length is particularly unacceptable in this case in which there is just a single claim for relief. Accordingly, the opposition papers – i.e., the 43-page "Opposition" (docket # 52), the 17-page response to the Streutker declaration (docket # 53), the 12-page response to the Kirksey declaration (docket # 54), and the 7-page response to the Kushner declaration (docket # 55) – are now STRICKEN and will not be considered in connection with the adjudication of defendant's motion for summary judgment.

No later than **December 16, 2011**, plaintiff may file and serve replacement opposition papers that comply with the following instructions. Only one opposition memorandum (i.e., legal brief) may be filed, and in it plaintiff may include all his legal arguments. The opposition memorandum may not exceed 25 pages of text. Plaintiff may not file a separate "response" document for each of defendant's declarations, and instead must include any such argument in his opposition memorandum. If plaintiff wants to present evidence, he may do so by filing a declaration from him and/or anyone else with first-hand knowledge of relevant facts and attaching to the declaration the documentary evidence. Any declaration must be made under penalty of perjury or it will be disregarded. A declaration contains facts of which the declarant has personal knowledge. Declarations are not included in the 25-page limit for the legal brief, but a declaration may not contain any argument or citations to legal authorities. Plaintiff should not attempt to evade the page limits on legal briefs by changing the size or spacing of text, as he must comply with Local Rule 3-4:

> Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch. Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman). The text of footnotes and quotations must also conform to these font requirements.

N. D. Cal. Local Rule 3-4(c)(2). No extensions of time should be expected on the deadline for the filing and serving of the replacement opposition papers. If plaintiff does not file a replacement opposition, the motion for summary judgment will be considered unopposed.

Defendant's reply to the replacement opposition must be filed and served no later than **January 13, 2012.**

IT IS SO ORDERED.

Dated: November 18, 2011

_____
SUSAN ILLSTON
United States District Judge