UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER GEIER,

    Plaintiff,

    v.

DR. STREUTKER, D.D.S.,

    Defendant.
                                       /

No. C 10-1965 SI (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

      This closed federal civil rights action, which was filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner, is on appeal. Defendant's motion for summary judgment was granted and judgment entered in defendant's favor on May 19, 2012. Presently before the Court are plaintiff's motion to alter or amend the judgment, which the Court construes as a motion for reconsideration, and his motion to amend the complaint. (Docket No. 65.)

      Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. "Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an

intervening change in controlling law.'" *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).  Here, plaintiff's request contains no showing of newly-discovered evidence, or that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  Here, plaintiff's request contains no showing of newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; plaintiff offers no other reason justifying relief.  Accordingly, the motion for reconsideration is hereby DENIED.

Plaintiff's motion to amend the complaint is DENIED.  Because judgment has been entered in favor of defendant and the action closed, there is no operative complaint to amend. Insofar as plaintiff's motion to amend is a motion to reopen, it is DENIED.

The Clerk shall terminate Docket No. 65.

**IT IS SO ORDERED**.

DATED: June 28, 2012

_____
SUSAN ILLSTON
United States District Judge

2